IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONTE E. LEE,

        Petitioner,

v.                                                                                                          CIV 00-1802 JP/KBM

JOE WILLIAMS, Warden, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before the Court on Monte Lee's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, *Doc. 1,* and Respondents' Answer, *Doc. 12.*  Because he filed this action after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its one-year statute of limitations applies.  Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period runs "from the latest" of four possible time periods: (1) the date the conviction became final; (2) the date an unconstitutional state impediment to filing the action is removed; (3) the date the United States Supreme Court recognizes that a new constitutional rule applies retroactively to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Only the "conviction" and "factual predicate" accrual date options are implicated here.  Although the state has not raised the issue, I find the petition is untimely and recommend that it be dismissed.

## **I.  Proceedings Before AEDPA Grace Period Expired**

A jury found Petitioner guilty of three crimes – criminal sexual penetration in the third degree, kidnapping, and aggravated burglary.  As noted in the judgment:

> Subsequent to said conviction, the State of New Mexico charged defendant with being a Habitual Criminal Offender.  On October 29, 1990, the *defendant admitted to being an habitual offender with two prior convictions.*  The Court then proceeded to sentencing.

*Answer, Exh. A (emphasis added).*[1]  Petitioner was sentenced to a total of thirty-nine years incarceration.  Twelve years of the sentence – four additional years for each of the three counts of conviction – represented the enhancement for the two prior convictions.  *Id.*

The New Mexico Public Defender represented Lee on appeal.  The New Mexico Court of Appeals affirmed his conviction on direct appeal on March 25, 1991, and the proceedings ended there.  Petitioner did not seek certiorari in the New Mexico Supreme Court.  *See Exhs. G, I.*  Thus, Lee's conviction became final years before the April 24, 1996 effective date of AEDPA.

Where, as here, a conviction became final before April 24, 1996, a prisoner has a one-year "judicial grace period," or until April 23, 1997, in which to file a federal habeas petition.  *See Rhine v. Boone,* 182 F.3d 1153, 1154 (10th Cir. 1999), *cert. denied,* 528 U.S. 1084 (2000).  During Lee's grace period, a private attorney pursued state habeas relief on his behalf.  These state proceedings lasted from October 17, 1996 to May 20, 1997, when the New Mexico Supreme Court denied certiorari.  *See Exhs. J-O.*  Accordingly, the one-year limitations period was tolled for approximately seven months, and a federal petition would have been due sometime

---

[1] Unless otherwise noted, all citations to exhibits are those attached to Respondents' Answer.

in November 1997.  *Id.* at 1156.  Lee did not file a federal petition until 2000, three years later.

## II.  Proceedings After AEDPA Grace Period Expired

None of the issues raised on direct appeal or in his first state habeas concerned the habitual offender enhancement.  It was not until two years after his limitations period expired that Lee filed a *pro se* state habeas petition on December 9, 1999.  There he challenged the habitual offender proceedings that resulted in the enhancement to his sentence.  He raised seven issues.[2]  *See Exh. P.*  The state court ordered a response, held a hearing, and denied relief on the merits.  *See Exhs. Q-U.*  The New Mexico Supreme Court denied certiorari on October 11, 2000.  *See Exhs. V-W.*  Lee then filed this federal petition on December 22, 2000.  He raises the same seven habitual offender issues raised in his second state habeas proceeding.  *See Doc. 1.*

## III.  The Facts Underlying The Petition Were Known In 1990

The factual predicate for all of the grounds raised in his second state petition were certainly available to him at the time of his sentencing in 1990.  *See supra* at note 2.  Therefore, § 2244(d)(1)(D) does not provide him with an accrual date later than the time his conviction became final.  Thus, all of the issues in the federal petition are time-barred unless there is a basis for equitable tolling.  *E.g., Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  No such grounds are apparent from the Petition or the present record.

---

[2] In brief they are:  (1) prosecutorial misconduct in bringing enhancement proceedings after conviction, using priors over six years old, using a prior that was a juvenile proceeding from another state, and using a breaking and entering charge connected with a sexual crime; (2) the trial court did not hold a hearing on habitual offender status or give him the opportunity to collaterally attack the prior convictions; (3) the state assessed an enhancement for each of the three convictions; (4) the habitual offender proceedings did not follow state procedures and trial counsel failed to raise any issues; (5) the enhancement is excessive; (6) the record does not establish the date he was released from the prior convictions; and (7) the enhancement violates double jeopardy.

Although the Tenth Circuit has not addressed in a published opinion whether a district court can raise the AEDPA statute of limitations defense *sua sponte*,[3] I find it appropriate to do so in the interests of efficiency. Lee will have the opportunity demonstrate in his objections why he should be entitled to equitable tolling. To assure that he has a meaningful opportunity to respond, I will give him more than the usual time within which to file his objections. *See Kiser v. Johnson,* 163 F.3d 326, 328-329 (5th Cir. 1999); *see also Harris v. Champion,* 48 F.3d 1127, 1132 n.4 (10th Cir. 1995) (court may *sua sponte* raise abuse of writ doctrine so long as Petitioner given notice and adequate opportunity to respond); *Hines v. United States,* 971 F.2d 506, 507-09 (10th Cir. 1992) (§ 2255 case; court may *sua sponte* raise the defense of procedural default and "must generally afford the movant an opportunity to respond to the defense").

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** the petition be dismissed as untimely.

**IT IS ORDERED THAT** Petitioner will be allowed **thirty (30) days** of receipt of these Proposed Findings and Recommended Disposition in which to file his objections pursuant to 28 U.S.C. § 636(b)(1) and set forth his grounds for equitable tolling, if any. **The written objections must be filed with the Clerk of the District Court. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] In *Hare v. Ray,* 2000 WL 1335428 (10th Cir. September 15, 2000) (unpublished and attached), however, the Tenth Circuit denied a certificate of appealability in § 2254 case where the magistrate judge *sua sponte* raised the timeliness issue and gave opportunity for petitioner to raise grounds for equitable tolling in objections.

4

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

232 F.3d 901 (Table)
2000 CJ C.A.R. 5527
**Unpublished Disposition**
**(Cite as: 232 F.3d 901,  2000 WL 1335428 (10th Cir.(Okla.)))**

NOTICE:  THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.

**Candy Kay HARE, Petitioner-Appellant,**
**v.**
**Howard RAY, Warden; Attorney General of the State of Oklahoma, Respondents-Appellees.**

**No. 00-6143.**

Sept. 15, 2000.

Before BRORBY, KELLY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

MURPHY.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Candy Kay Hare's *pro se* request for a certificate of appealability ("COA"). Hare seeks a COA so she can appeal the district court's dismissal of her 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Hare also seeks to proceed *in forma pauperis* on appeal. Because Hare has not made a substantial showing of the denial of a constitutional right, she is not entitled to a COA and her appeal is dismissed. *See id.* § 2253(c)(2).

Hare was convicted in Oklahoma state court of murder in the first degree and sentenced to life imprisonment. Hare's conviction was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on October 31, 1997. Nearly one year later, on October 7, 1998, Hare filed an application for post-conviction relief with the state district court. The application was denied and Hare failed to file a timely appeal. Hare ultimately filed a second application for post-conviction relief seeking an appeal out of time. The second

application was denied on June 22, 1999 and that denial was affirmed by the OCCA on August 26, 1999. Hare did not file the instant § 2254 habeas petition until January 28, 2000.

Hare's habeas petition was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In the report and recommendation ("R & R") prepared by the magistrate judge, the magistrate raised the timeliness of Hare's petition *sua sponte* and recommended that the petition be dismissed because it was filed outside the one-year limitations period set out in 28 U.S.C. § 2244(d). *See* 28 U.S.C. § 2254(d)(1) (providing that the one-year period begins to run on the date petitioner's conviction became final); *Hoggro v. Boone,* 150 F.3d 1223, 1226 & n. 4 (10th Cir.1998) (holding that one-year limitations period is tolled during the period of time petitioner spends properly pursuing state post-conviction relief but is not tolled during the pendency of an untimely appeal from the denial of post-conviction relief). The magistrate judge further concluded that Hare had failed to identify any circumstances that would support an equitable tolling of the limitations period. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

Hare filed a timely objection to the R & R but failed to demonstrate that her habeas petition was timely or advance any argument as to why the one-year limitations period should be equitably tolled. The R & R was adopted by the district court and Hare's habeas petition was dismissed.

The analysis employed by the magistrate judge to support his conclusion that Hare's habeas petition was untimely is thoroughly set forth in the R & R. Hare has presented no argument that the magistrate judge miscalculated the one-year period. Nor does Hare present any argument as to why the one-year limitations period should be equitably tolled. [FN1]

> FN1. Hare's COA application contains a conclusory statement, buried in a sentence, that she is actually innocent of the crime of which she was convicted. Even if this court were to consider Hare's argument for the first time on appeal, her unsupported statement asserting her actual innocence is insufficient to support the equitable tolling of the one-year limitations period.

**\*\*2** Before she is entitled to a COA, Hare must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hare may make this showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel,* 120 S.Ct. 1595, 1603-04 (2000). This court has reviewed Hare's application for a COA, her appellate brief, the district court's Order dated March 22, 2000, the R & R, and the entire record on appeal. That review clearly demonstrates the district court's dismissal of Hare's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, we deny Hare's request for a COA, deny Hare's request to proceed on appeal *in forma pauperis,* and dismiss Hare's appeal.

END OF DOCUMENT